UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-07057-AB-PD | Date: | May 29, 2026 |
|---|---|---|---|

| Title: | *Jose Guadalupe Barba et al v. General Motors LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):
None Appearing                                          None Appearing

**Proceedings:**     **[In Chambers] ORDER <u>DENYING</u> MOTION FOR REMAND [Dkt. No. 16]**

Before the Court is Jose Guadalupe Barba, et al.'s ("Plaintiffs") Motion for Remand ("Motion," Dkt. No. 15). Defendant General Motors LLC ("Defendant") filed an opposition and Plaintiffs filed a reply. The Motion is **<u>DENIED</u>**.

**DISCUSSION**

Given the numerous similar motions for remand pending in cases filed by Plaintiffs' counsel Prestige Legal Solutions, P.C., against General Motors, LLC, the Court keeps its analysis brief.

Plaintiff's state court Complaint alleges claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly"), and the federal Magnuson-Moss Warranty Act ("MMWA"). More than 30 days after Plaintiff served the Complaint on Defendant, Defendant removed the action based on diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff moves to remand the action on the ground that Defendant's removal was untimely.

28 U.S.C. § 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-day removal period is triggered if the complaint's removability is clear from the face of the "initial pleading." *Id.* The second thirty-day removal period is triggered if the initial pleading does not reveal a basis for removal, but the defendant thereafter receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)). If neither the original pleading nor an other paper reveals on its face that the action is removable, then neither 30-day deadline is triggered and the defendant may remove at any time.[1] *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Plaintiffs fundamentally misunderstand the 30-day removal periods. These periods are *deadlines* to remove triggered by defendant's receipt of a document (Complaint or "other paper") that makes the removability of the action clear. A removing defendant need not "invoke" either period but instead can remove at any time if neither period is triggered. Nor does the defendant have to undertake any investigation into the allegations to determine removability. *See also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin") (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

Contrary to Plaintiffs' argument, the Complaint did not reveal that this case was removable, so the first thirty-day period was not triggered. Courts have diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." 28 U.S.C. § 1332. Plaintiffs' Complaint alleges only that they are residents of California, but residence is not citizenship so this allegation does not establish Plaintiffs' citizenship. Nor does the Complaint allege an amount in controversy or facts that make it obvious that the amount was satisfied, so the Complaint is indeterminate. Therefore, diversity jurisdiction is not apparent from the face of the Complaint. Nor did the Complaint establish federal question under

---

[1] Except that an action removed on the basis of diversity jurisdiction must be removed within 1 year after commencement of the action. *See* 28 U.S.C. § 1446(c)(1).

the MMWA claim. MMWA claims trigger federal question jurisdiction only if the amount in controversy exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B). As noted, the Complaint does not establish any amount in controversy, so the MMWA amount in controversy is not satisfied either. Therefore, the first 30-day removal period was never triggered.

Plaintiffs do not argue that the second 30-day removal period was triggered by Defendant's receipt of another paper, so that timeframe is not in issue. Instead, Defendant removed based on its own estimate of the amount in controversy, so no 30-day deadline was ever triggered. Defendant was therefore free to remove at any time, so its removal was timely.

The Court also rejects Plaintiffs' argument, presented only in reply, that Defendant's estimate of the amount in controversy is unsupported. Defendant's Notice of Removal estimated $77,714.79 in actual damages, after estimating offsets. This alone exceeds the amount in controversy for diversity jurisdiction and for federal question jurisdiction over the MMWA claim. And Defendant did not have to present evidence of this amount: Plaintiffs' Motion did not factually challenge Defendant's allegations; it challenged only the timeliness of removal. Nor does the Court question the amount in controversy. Under such circumstances, a removing defendant does not have to present evidence in support of its amount in controversy estimate. *C.f. Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (where plaintiff presented only facial and not factual challenge to jurisdictional allegations, removing defendant did not have to present evidence to support them). The Court finds Defendant has presented "reasonable grounds" for the estimated damages. *See Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (defendant need only show "reasonable grounds" for estimated damages).

Insofar as Plaintiffs purport to substantively challenge whether subject matter jurisdiction exists, such a position is not developed, nor would it be consistent with Plaintiffs' contention that jurisdiction is ascertainable from the face of the Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Remand is **<u>DENIED</u>**.

The parties are **<u>ORDERED</u>** to meet and confer and to file within 14 days of this Order an Amended Rule 26(f) Joint Report, including a new Schedule Worksheet with appropriate dates. **IT IS SO ORDERED.**